NASHVILLE GAS LIGHT CO. *v.* MAYOR AND CITY COUN-
CIL OF NASHVILLE.

TAXATION. *Joint-stock companies. Share-holders. Real estate.* Under the
act of 1873, ch. 118, joint-stock companies are liable to pay the tax
imposed upon their share-holders and also upon their real estate,
though the real estate may have been purchased with money paid in
as capital stock.

### FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson,
county. FRANK T. REID, J.

DEMOSS & MALONE for Gas Light Company.

W. K. MCALISTER for City.

EWING, Sp. J., delivered the opinion of the court.

The question presented in this case is the liability
of certain real estate belonging to the Nashville Gas
Light Company to municipal taxation. The City of
Nashville, by an assessment of 1873, imposed upon this
real estate a tax for that year. This assessment is
resisted upon the ground that this real estate consti-
tutes part of the capital stock of said company, and
as such is not liable to taxation in virtue of the 8th
section of the act of the General Assembly of 1873,
ch. 118, entitled "An act to provide more just and
equitable laws for the assessment and collection of rev-

Gas Light Co. *v.* City of Nashville.

enue for State and county purposes," etc.    The section provides that no tax shall hereafter be assessed upon the capital of any joint-stock company of the State, but that the share-holders shall be assessed on the value of their shares of stock therein; with a proviso that this shall not be so construed as to exempt from taxation the real estate held or owned by any such corporation.    The shares of the share-holders were assessed for the year 1873 and the tax has been collected. It is admitted in argument that much the largest portion of this real estate is occupied and used for a gas factory and its necessary appurtenances, and was probably bought with money paid in as capital for stock in said company.    Does the assessment violate the act?

Without this act both the capital and the shares might be assessed for taxes, the one as owned by the corporation and the others by the individual share-holders.    To prevent this seeming injustice the act of 1873 provides that only the real estate of the corporation shall be taxed.    Taking into view the privileges granted to joint-stock companies, this may well have seemed to the Legislature a fair adjustment of the question of taxation in regard to their stock-holders. However this may be, it is very clear that the Legislature has not exempted such real estate from taxation, unless it be in virtue of the exemption of the capital.    In this case it is said that the manufactory property is the capital, and moreover that this as the property of a private corporation is personalty, and for both reasons does not come within the proviso of the statute.    But the property, on the contrary, is

real estate in its nature and is held and owned by the corporation. I should say, independent of any authority upon the subject, that however such property might be regarded by the stock-holders as among themselves and by the courts in the winding up of the affairs of the corporation, as personal or real property, that the State for purposes of taxation would look upon it as real property, and so would be taxed and thus come under the proviso. It is said, though, that the authorities are the other way.

The authorities referred to by plaintiff are two from other States and three from Tennessee. The case of the *Lehigh Navigation Co.* v. *Southampton County*, 8 Watts & Serg., 334, was a case in which a county had imposed a tax upon the land occupied by a canal, and some grounds occupied by houses necessary to the use of the canal, as real estate. The judge who decided the case assumed that the grounds occupied by a canal in public use, though owned by a private corporation, were not taxable, and as a consequence that the grounds and houses necessary to its proper use were also exempt; but he goes on further to say that they were not taxable as real estate, because the stock of share-holders was personal property. This last proposition is certainly a *non sequitur*, and is in effect contradicted by the decision in 9 Yer., 490, of the *Union Bank* v. *The State*, where the distinction is clearly taken between the ownership of shares by individuals and that of property by the corporation. The assumption in regard to the non-taxability of canal grounds does not accord with anything as yet decided by our courts;

the tendency of whose decisions seems to be the other way. The case from 30 Missouri, 550, of *Hannibal, etc., Railway* v. *Shacklett,* was one where the road-bed, etc., of a railway was attempted to be taxed under a general provision of law that "all property owned by incorporated companies over and above their capital stock should be assessed for taxation." In that case it is stated by the court that in regard to railways there had been several legislative recognitions that the road-bed, etc., should be deemed part of the capital stock. In regard to one of the railroads it was declared that the "capital stock, together with all machines and engines are declared vested in the shareholders forever." With great hesitation the court held that the road-bed, etc., was not taxable under the provision above quoted. Now it seems to me that this case is no authority against taxation under the plain terms of the proviso to the 8th section of the act of 1873, that the *real estate held* by joint-stock companies shall not be exempt from taxation. Once establish the principle in the face of this proviso that the real estate occupied by factory buildings shall be considered part or the whole of the capital stock and so exempt from taxation, and any amount of money might be put into expensive buildings derived from profits which could not be reached by taxation either as real or personal property, at least without difficulty and confusion.

The cases referred to in our books certainly do not sustain the plaintiff's position. The case of *Day* v. *Joiner,* 6 Baxter, 441, was one where it was said an

exemption of the railway bed and its appurtenances, did not include a hotel built on some of the ground which might otherwise have been exempt. The case above from Pennsylvania, is quoted upon this point alone, but with no approval otherwise. The case of the *De Soto Bank* v. *Memphis*, 6 Baxt., 415, is to the same effect in regard to a portion of a banking-house where that portion was leased out and not used for banking purposes; the exemption of the banking-house as such was held not to include the portion leased. The case of the *Bank of Commerce* v. *E. L. McGowan*, 6 Lea, 703, contains in effect only the same principle as that of the two last cases, being only a little different in its circumstances.

On the other side, without referring again to the case of *The State* v. *The Union Bank*, in 9 Yer., we have two cases, one of which in principle and the other in its precise circumstances are like the present case. The first of these cases, that of *Ensley* v. *The City of Memphis*, 6 Baxt., 554, decides that where a manufacturing company had paid the tax upon its real property used for the purposes of its manufacture, it was still bound to pay the tax imposed on its shareholders, retaining the same out of their dividends, and that this was not double taxation. The other case, not yet reported, and decided at the last term, was. that of the *South Nashville Street Railroad Co.* v. *The Mayor and City Council of Nashville*. The 8th section of the act of 1873 is there construed, and the real estate used by the company for its corporate purposes. is held liable to taxation; the questions made here were

made there and decided adversely to plaintiffs; this case might have heen rested on these cases without further discussion, but the zeal and ingenuity with which the counsel for plaintiff pressed his view of the case, have induced the court to examine anew the principles upon which these cases rest, and to discuss the authorities. offered from other States.

Our conclusion is, then, that the judgment of the circuit court be in all things affirmed.