[In Bank—June 6, 1883.]

# CITY AND COUNTY OF SAN FRANCISCO, RE-SPONDENT, v. J. D. FRY, APPELLANT.

TAXATION — STOCKS. — Shares of stock in a corporation, the tangible property of which is situated in another State, and subject to taxation under the laws thereof, such shares being owned by a resident of this State, are taxable here without regard to the taxes thus imposed upon the corporate property. Section 3640 of the Political Code has reference to corporations whose property is situated in this State. The inhibition against double taxation only applies to such taxation by the same State or government.

APPEAL from a ·judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*W. H. Sears,* for Appellant.

*Louis H. Sharp,* for Respondent.

THORNTON, J. — Action to recover taxes. The assessment, on which this action was brought, was for "mining stocks" (the property was so described in the assessment book or roll), for the fiscal year 1876–77. The case was heard below, and is argued here on the following facts agreed on:—

"That at the time this action was commenced there existed on the assessment roll of personal property for the fiscal year 1876–77, of the city and county of San Francisco, unpaid taxes amounting to one thousand and sixty-two dollars, and accruing interest; that the same have not been paid, and that judgment therefor is claimed against said defendant, and that the following exhibit 'A' relating thereto is a complete and accurate copy of the said assessment roll.

"That the assessment, from which the aforesaid taxes had accrued, had been levied for the said fiscal year on 'mining

stocks of certain mining companies incorporated under the laws of, and having their principal offices in, the State of California.

"That the taxes sued upon in this action were assessed and levied upon mining stocks of certain mining corporations, whose entire tangible property was situated in the State of Nevada, and was taxed under the laws of that State, and were wholly paid by the companies for that year."

Exhibit A referred to above shows an assessment of property described as "mining stocks" and valued at fifty thousand dollars.

It is contended that, as the tangible property belonging to the corporations in which the defendant owned shares was situate in and taxed in the State of Nevada, and the taxes paid there by the corporations, it could not be subject to taxation here.

1. It is said that such shares were not subject to taxation in this State, in virtue of the provisions of section 3640 of the Political Code. This section only applies to corporations whose property is situate in this State. The legislature could pass no laws which would operate in the State of Nevada, and it could not be held as law that the legislature of California was engaging in its appropriate work of legislation with regard to property situate in another State.

The presumption relied on in *Burke* v. *Badlam,* 57 Cal. 594, cannot be relied on here. If any of the property, including the franchise of the corporations referred to, had been assessed in this State, it was readily susceptible of proof. It does not appear in the case by any finding or admission that such was the case, and it would be an unheard of proceeding to reverse the judgment of the court below on a disputable presumption, imported into the case in this court, with nothing in the record to justify it. Every intendment must be made to sustain the correctness of the action of the court *a qua.* Error cannot be presumed. It must be shown by the record, and pointed out by him who avers that it exists.

2. It is further urged that to tax the shares in this State, when the property of the corporations is taxed in the State of Nevada, would be *double taxation.* But the inhibition of double taxation only applies to such taxation made by the same State or government. There is a double taxation or "duplicate taxa-

tion," as it is styled by Judge Cooley, which is wholly inadmissible under any constitution requiring equality and uniformity in taxation. "By duplicate taxation in this sense," says the learned author above named, "is understood the requirement that one person or any one subject of taxation shall directly contribute twice to the same burden, while other subjects of taxation belonging to the same class are required to contribute but once." (Cooley on Taxation, p. 164.)

It will be seen that, in this State, the shares of the corporation alone are taxed. Its property is not here assessed. Conceding that taxation of the shares and property of a corporation by the State of California would be double taxation, there is here no taxation of that kind.

Very similar to this case is that of *Dwight* v. *Mayor etc. of Boston*, 12 Allen, 316. A statute of the State of Massachusetts required that, in assessing the stockholders for their shares in any manufacturing corporation, "there shall first be deducted from the value thereof the value of the machinery and real estate belonging to such corporation." Dwight, a citizen of Boston, had been assessed upon shares of stock owned by him in a manufacturing corporation, established in the State of Maine, without any deduction. He asked for the deduction prescribed by the statute above mentioned from the value of his shares in the Maine corporation, and it was contended that Dwight would be doubly taxed without such deduction. The court refused it, holding that such shares, if owned by a citizen of Massachusetts, were taxable therein at their full value, without the deduction asked; that the statute referred to did not relate to corporations existing in other States. The court said: "The clause in this section of the statute requiring a deduction of the value of machinery and real estate is not to be taken as a general provision, regulating the taxation of all shares in manufacturing corporations wherever the corporations may be situated, but as *directly* connected with the previous clause, requiring the assessment of the machinery and real estate in the towns where the machinery is situated and employed. That provision can only be applicable to manufacturing corporations established within this commonwealth, as it is only in relation to such corporations that our legislature could so require. As to them,

having provided for taxation of a certain part of the capital in the towns in which they were situated, the statute requires a deduction of a like amount from the value of the shares, in order to avoid double taxation in this commonwealth of property wholly taxable here. But our whole system of taxation, as established and practiced, is to disregard the liability of shares in foreign corporations to taxation in the States where they are situated. Thus shares in foreign railroad corporations held by citizens of this State are fully taxed here, and no deduction is made for any taxation to which the corporations are subject in the States where they are situated. So it is in regard to shares held by our citizens in banks, insurance companies, and other moneyed corporations situated in other States. Such shares, when held by our citizens, are here treated as so much personal estate, following the person of the owner, and taxable at their full value in this commonwealth, regardless of what may be the foreign law as to taxation of the capital or any part of it elsewhere." (See State Tax on Foreign Held Bonds, 15 Wall. 323, 324; 18 Am. L. Reg. for 1879, N. S., and cases there cited.)

The above quoted remarks are true of the system of taxation established in this State. Our system of revenue laws is entirely independent of the laws of any other State.

Judgment and order affirmed.

McKEE, J., MYRICK, J., and McKINSTRY, J., concurred.

Rehearing denied.