THE STANDARD LIFE & ACCIDENT INSURANCE COMPANY v. THE BOARD OF ASSESSORS OF DETROIT.

*Taxation—Uniformily—Real-estate mortgages—Constitutional law.*

Act No. 26, Laws of 1893, in so far as it attempts to provide that banks and insurance companies shall not have deducted from their assets the amount of real-estate mortgages upon which they respectively pay taxes, is in violation of the uniform rule of taxation, prescribed by sections 11 and 12, art. 14, of the Constitution.

*Mandamus.* Argued April 25, 1893. Granted April 28, 1893.

Relator applied for *mandamus* to compel respondent to deduct from the net assets of relator, for the purposes of taxation, the value of the real-estate mortgages held by it. The facts are stated in the opinion.

*Keena & Lightner,* for relator.

*John J. Speed,* for respondent.

MONTGOMERY, J. The tax law of 1891 (Act No. 200, Laws of 1891) provided for the assessment, as personal property, of all shares in banks organized in this State under any law of this State or of the United States, at their cash value, after deducting the value of the real estate taxed to the banks. It also provided that, in computing the taxable property of insurance companies organized under the laws of this State, the value of the real property on which the company paid taxes should be deducted from its net assets above all liabilities, as determined and shown by the last report of the Commissioner of Insurance, and the remainder should be the amount for which the company should be assessed.

In the case of *Common Council v. Board of Assessors,* 91 Mich. 78, it was held that Act No. 200, above referred to, was intended to treat real-estate mortgages as an interest in realty, for the purpose of taxation, and that the amount of real-estate mortgages assessed to banks and insurance companies should be deducted from their assets, in making the assessment. By an act of the present Legislature the provisions of Act No. 200 have been amended by adding a proviso to each of sections 2 and 4 of the tax law of 1891, which provides as to each that no such deduction

shall be made for real-estate mortgages owned by such banks or insurance companies. In the present case, relator contends that this provision is unconstitutional.

Sections 11 and 12, art. 14, of the Constitution, read as follows:

"SEC. 11. The Legislature shall provide an uniform rule of taxation, except on property paying specific taxes, and taxes shall be levied on such property as shall be prescribed by law.

"SEC. 12. All assessments hereafter authorized shall be on property at its cash value."

It is clear that, in so far as the amendments to sections 2 and 4 attempt to provide that banks and insurance companies shall not have deducted from their assets the amount of real-estate mortgages upon which they respectively pay taxes, they . are in contravention of these provisions of the Constitution. If the net assets of these institutions should consist wholly of real-estate mortgages, then, under the terms of the law of 1891, as amended, the corporations would be assessed for the full amount of their net assets, and also a like amount upon the real-estate mortgages held by such companies. That this is a violation of the rule of uniformity of taxation, it needs no argument to demonstrate. See *Attorney General v. Board of Supervisors*, 71 Mich. 16; *Woodbridge v. Detroit*, 8 Id. 301; *San Mateo County v. Railroad Co.*, 8 Sawy. 238 (13 Fed. Rep. 722); *Bank v. Britton*, 105 U. S. 322.

It appears from the answer of the respondents in the present case that they, as assessors of the city of Detroit, have not assessed against the relator any mortgages. It does not appear, however, whether mortgages held by relator in other counties have been assessed or not.

To the extent that such mortgages have been assessed, or are liable to assessment, it is the duty of the respond-

ents to deduct the amount thereof from the assessment made, and *mandamus* will issue, directing such action.

HOOKER, C. J., McGRATH and GRANT, JJ., concurred. LONG, J., did not sit.