STROH *v.* CITY OF DETROIT.

1. TAXATION—STOCK IN FOREIGN CORPORATIONS—DOUBLE TAXATION—CONSTITUTIONAL LAW.

The taxation of shares of stock held by a resident of Michigan in a foreign corporation, all of whose property is located and taxed within this State, is double taxation, and as such is prohibited by the constitutional requirement that taxation shall be uniform.

2. SAME—CONSTRUCTION OF STATUTE.

Section 8, subd. 7, of Act No. 206, Pub. Acts 1893, provides for the taxation of shares of stock in a domestic corporation, except when its property is exempt or is taxable to itself; and subdivision 9 provides for the taxation of "all shares in foreign corporations, except national banks, owned by citizens" of the State. *Held*, that as the policy of the State, as evidenced by pre-existing tax laws, had always been to tax shares in a foreign corporation only when its property was not taxable in Michigan, and as to tax such shares and property both would be unconstitutional, the exception provided for by subdivision 7 should be construed to apply to foreign as well as domestic corporations, thus exempting from taxation shares in a foreign corporation when its property is located and taxable in this State.

*Certiorari* to Wayne; Frazer, Carpenter, Donovan, Rohnert, Brooke, and Hosmer (dissenting), JJ. Submitted June 10, 1902. (Docket No. 103.) Decided June 17, 1902.

*Mandamus* by Julius Stroh against the city of Detroit and the common council of said city to compel the vaca-

tion of a tax assessment. From an order granting the writ, respondents bring *certiorari*. Affirmed.

*Henry M. Duffield* and *H. H. Hatch*, for relator.

*Timothy E. Tarsney* and *P. J. M. Hally*, for respondents.

HOOKER, C. J. The Stroh Brewery Company is a corporation organized under the laws of the State of West Virginia. All but one of its stockholders reside in Detroit, where its principal place of business is located, and where all of its property is situated and assessed for taxes. The authorities having assessed the relator for the value of his shares of stock in said corporation for city taxes for the year 1902, the circuit court ordered this assessment vacated, and the city has removed the case to this court by *certiorari*.

The Constitution of this State requires that there be a uniform rule of taxation, and we have held that this forbids double taxation; and while double taxation may occur under any law, and that fact may, perhaps, not invalidate an act not intended nor calculated to impose it, and may not invalidate assessments made under it and according to its provisions, a law which in its terms necessarily requires it, under ordinary conditions, must be held invalid, or so construed as to avoid it. *Comstock* v. *City of Grand Rapids*, 54 Mich. 641 (20 N. W. 623); *Attorney General* v. *Board of Supervisors of Sanilac Co.*, 71 Mich. 16 (38 N. W. 639); *Standard Life & Accident Ins. Co.* v. *Board of Assessors of Detroit*, 95 Mich. 468 (55 N. W. 112); *Detroit Citizens' St. Ry. Co.* v. *Common Council of Detroit*, 125 Mich. 675 (85 N. W. 96, 86 N. W. 809).

In this instance, all of the property of the corporation being in Detroit, and substantially all of the stock being owned there, the effect of these assessments is to impose a double burden on the owners of the corporate shares, for it is undeniable that they bear the burden of the tax

imposed upon the corporation, inasmuch as the shareholders constitute the corporation and indirectly own its property. The severity of these assessments is the more apparent, though not more real, because they include all of the property and substantially all of the shareholders of the corporation. If a small portion of the property were situate, and a small proportion of the stockholders resided, here, or if the property and shareholders were scattered over the State, the difficulty of making assessments which should reach all the shareholders and all of the property without making a double burden would be great. There is no method provided for doing this, and it is doubtful if a rule could be made by which assessors could in all cases accomplish it.

Did the law provide for the assessment of all shareholders upon their shares in domestic corporations, and of all corporate property to the corporation, we should hesitate to say that such law was not in violation of the constitutional provision requiring uniformity. We are aware that many courts have held that such laws do not require double taxation, upon the very technical reasoning that the tax is not levied upon the same property, and that it is not imposed upon the same person; both of which propositions are true in a sense, but are also untrue in another substantial sense, as stockholders are likely to learn if the action of the authorities in this case is sustained. So, several of the text-books assert that the weight of authority sustains the rule that the States may impose taxes upon both corporation and stockholder, though, without exception, they admit the severity and injustice of such measures, and say that the courts will never permit it where the law is susceptible of another construction. This practice is so palpably unjust that Michigan does not tax shareholders in domestic corporations, where the property of the corporation is taxed. It does not even tax private persons upon property invested in business outside of the State, provided they do not invest in business conducted by foreign corporations; thereby making a most invidious

discrimination against the latter, and in favor of the former, class, for they relentlessly tax a citizen who invests in a corporate business outside of the State, and the law goes so far, if technically construed, as to tax the resident stockholder in a foreign business corporation, although such corporation conducts all of its business in this State, and is here taxed upon all of its property; and this is what the authorities of Detroit seek to accomplish in this case. The policy of taxing property here which is not in this State, and which is taxed elsewhere, is an unjust and narrow one, and one well calculated to impede the progress of the State. While we were obliged to hold in *Bacon* v. *Board of State Tax Com'rs*, 126 Mich. 22 (85 N. W. 307), that the law might tax citizens whose property was invested in corporations in other States, the corporate property not being in Michigan, we were careful not to recognize the practice as either just or politic. The following quotation from a distinguished law writer indicates the policy of the more progressive States:

"It is undoubtedly within the constitutional power of the legislature of a State to enact a statute that persons residing in that State, who are stockholders in a corporation created by another State, shall be taxed on their shares of stock at their residence within the former State. This principle of law is based on the fact that shares of stock are personal property; that they are distinct from the corporate property, franchises, and capital stock; that they follow the domicile of their owner, like other personal property; and that consequently he may be taxed therefor wherever he may reside. It accordingly is a question of policy and expediency with a State whether or not it will tax its citizens who are stockholders in foreign corporations. A few of the States levy such taxes. But New York pursues the more broad and liberal policy that shares of stock should not be taxed where the corporation is already taxed; that the State which furnishes facilities to the corporation for the earning of dividends should have the sole benefit of taxes on such corporate interests; that a tax on resident stockholders in nonresident corporations would generally result in a double taxation of stockholders not residing in the State creating the corporation; and

that interstate comity, interests, and financial investments are promoted best by taxing corporations directly, and not levying a tax on either resident stockholders in nonresident corporations or resident stockholders in resident corporations where the corporation itself is subject to taxation. The injustice of a tax on resident stockholders in foreign corporations is at once apparent when it is considered that the State creating the corporation nearly always taxes the corporation itself or all its stockholders, resident and non-resident, and that, if stockholders residing elsewhere are taxed again where they reside, they are taxed both in the State of the corporation, directly or indirectly, and also directly in the State where they reside. No reduction need be allowed in the latter State for taxes levied upon the corporation in another State." 2 Cook, Corp. § 565.

New York has long recognized this rule. Pennsylvania has adopted a similar rule. New Jersey imposes no tax upon shares except of banks. Texas does not tax shares where the corporate property is taxed. In California the legislature relieved domestic corporations by the following enactment:

"Shares of stock in corporations possess no intrinsic value over and above the actual value of the property of the corporation which they stand for and represent, and the assessment and taxation of such shares and also of the corporate property would be double taxation. Therefore all property belonging to corporations shall be assessed and taxed, but no assessment shall be made of shares of stock, nor shall any holder thereof be taxed therefor." 1 Deer. Codes & Stat. § 3608.

This act was sustained and applied in the case of *People* v. *Badlam*, 57 Cal. 594, and *Spring Valley Waterworks* v. *Schottler*, 62 Cal. 69, 118. "But the temptation to tax stockholders in nonresident corporations was yielded to," in the face of the solemn declaration that "shares of stock in corporations possess no intrinsic value over and above the actual value of the property of the corporation which they stand for and represent."

There is reason to believe that the concensus of opinion in Michigan is in accord with the views expressed in the quotation, for the provision requiring shares of stock to be

assessed was quite generally disregarded, if not practically obsolete, until brought into prominence through the recent agitation of the subject of "equal taxation," and the efforts of the authorities to see that all property is listed in obedience to law. The effect is double taxation of such shareholders, as they are taxed at home and abroad. We have been compelled to sustain double taxation in some cases, because we felt constrained to hold that the constitutional inhibition against double taxation only applies to such taxation by this State. See *City and County of San Francisco* v. *Fry*, 63 Cal. 470; *Bacon* v. *Board of State Tax Com'rs, supra.* It has not been held in this State that a case like the present does not involve double taxation, and we have never held that such a double taxation would be legal. We should hesitate to hold that it would not be double taxation, and therefore legal, in the case of an assessment of shares in a domestic corporation whose property was actually taxed in this State, and we see no justification for declaring a different rule where the corporation is a foreign one.

The taxation of shares to the shareholder, and property to the corporation, is clearly double taxation, within the spirit of the constitutional provision, and while we appreciate the fact that the shareholders and the corporation are different entities in the law, and that shares of stock are recognized as property, and distinct from the corporate property, it is plain that the shareholders are the corporation, and that they are the owners of its property. The Constitution does not permit the taxation of both property and shares, and we must, if possible, give such a construction to the law as to make it reconcilable with the Constitution.

A reference to the tax law of 1885 shows that it was the policy of the State at that time to tax shares of foreign corporations only when the property was not taxable in Michigan. See *Graham* v. *Township of St. Joseph*, 67 Mich. 654 (35 N. W. 808). In this case it was held that the shares were properly assessed, for the reason that the

property of the foreign corporation had no *situs* in this
State. The same provision was continued in the tax law
of 1889, *i. e.*, "Shares in corporations, the property of
which is taxable to itself, shall not be assessed to the share-
holder." Pub. Acts 1889, Act No. 195, § 2. The same
provision is found in the law of 1891. Pub. Acts 1891,
Act No. 200, § 2. In 1893 the law was changed so as to
read: "All shares in corporations organized under the
laws of this State, when the property of such corporations
is not exempt, or is not taxable to itself; or when the per-
sonal property is not taxed." Pub. Acts 1893, Act No.
206, § 8, subd. 7. And this has been since continued.
Subdivision 9 provides: "All shares in foreign corpora-
tions, except national banks, owned by citizens of this
State." Thus by a different arrangement of the provis-
ions, which were otherwise substantially unchanged, it is
possible to claim that the legislature intended to tax for-
eign corporations on property, and shareholders on shares,
contrary to the established policy of the State, and con-
trary to the spirit of the Constitution. Under these cir-
cumstances, we feel justified in holding that this exception
should apply to both foreign as well as domestic corpora-
tions, as it had before the passage of the act of 1893; and
this is foreshadowed in *Bacon* v. *Board of State Tax
Com'rs, supra.*

A discussion of this question should not ignore the
authorities, of which there are many. It has been said by
many law writers and judges that a State has authority
to tax both corporation and shareholder. Mr. Justice
Cooley says, in his work on Taxation, that "a tax on the
shares of stockholders in a corporation is a different thing
from a tax on the corporation itself or its stock, and may
be laid irrespective of any taxation of the corporation,
when no contract relations forbid." Cooley, Tax'n (2d
Ed.), p. 231. See, also, Burroughs, Tax'n, § 86; 2 Cook,
Corp. § 565. These authors refer to substantially the
same authorities, of which the following are the more
important: *President, etc., of Tremont Bank* v. *City of*

*Boston*, 1 Cush. 144; *New Jersey R. & Transp. Co.* v. *Collectors of City of Newark*, 25 N. J. Law, 315; *Jersey City Gaslight Co.* v. *Mayor, etc., of Jersey City*, 46 N. J. Law, 195; *Conwell* v. *President, etc., of Town of Connersville*, 15 Ind. 150; *Whitesell* v. *County of Northampton*, 49 Pa. St. 526; *Van Allen* v. *Assessors*, 3 Wall. 585; *First Nat. Bank of Louisville* v. *Kentucky*, 9 Wall. 360; *City of Memphis* v. *Ensley*, 65 Tenn. 558 (32 Am. Rep. 532); *Nashville Gaslight Co.* v. *Mayor, etc., of Nashville*, 76 Tenn. 410; *Street-Railroad Co.* v. *Morrow*, 87 Tenn. 406 (11 S. W. 348); *Salt Lake City Nat. Bank* v. *Golding*, 2 Utah, 8; *City of New Orleans* v. *Canal & Banking Co.*, 32 La. Ann. 157; *State Bank of Virginia* v. *City of Richmond*, 79 Va. 113; *C. N. Nelson Lumber Co.* v. *Town of Loraine*, 22 Fed. 54; *Cook* v. *City of Burlington*, 59 Iowa, 252 (13 N. W. 113, 44 Am. Rep. 679); *Henkle* v. *Town of Keota*, 68 Iowa, 338 (27 N. W. 250); *Frazer* v. *Siebern*, 16 Ohio St. 614. Of these, nearly all were cases which did not involve the question of the authority of the State to provide for double taxation under a constitution forbidding it, and while this power, *i. e.*, that of double taxation, is denied by the Iowa supreme court in *Cook* v. *City of Burlington, supra*, although there be no constitutional inhibition, many of the cases cited state the true rule to be that, unless restricted by the constitution, a State may impose a double tax. It is true that many of them assert that this is not double taxation, upon the theory hereinbefore stated, and they are authority to that extent, and therefore pertinent to this question.

On the other hand, we find that this doctrine is denied in Ang. & Ames, Corp. § 461; and in Burroughs, Tax'n, p. 171, § 86, it is said that "in the work of Messrs. Angell and Ames a contrary doctrine is asserted," etc., though the author questions the authorities cited. In 2 Spell. Priv. Corp. § 1114, it is said that taxation of property and shares is duplicate taxation. A large number of cases hold that it is double taxation, while they admit that

shares are not corporate property. *Smith* v. *Burley,* 9 N. H. 423; *Tax Cases,* 12 Gill & J. 117; *Gordon* v. *Mayor, etc., of Baltimore,* 5 Gill, 231; *Mayor, etc., of Baltimore* v. *Railroad Co.,* 6 Gill, 288 (48 Am. Dec. 531); *State* v. *Railroad Co.,* 40 Md. 50; *County Com'rs of Frederick Co.* v. *Bank,* 48 Md. 117; *State* v. *Branin,* 23 N. J. Law, 484; *American Bank* v. *Mumford,* 4 R. I. 478; *Hannibal, etc., R. Co.* v. *Shacklett,* 30 Mo. 550; *State* v. *Railroad Co.,* 37 Mo. 265; *State* v. *Railway Co.,* 77 Mo. 209; *Valle* v. *Ziegler,* 84 Mo. 219; *People* v. *Badlam,* 57 Cal. 594; *City and County of San Francisco* v. *Fry,* 63 Cal. 470; *Same* v. *Flood,* 64 Cal. 505 (2 Pac. 264); *Pennsylvania Co. for Ins.* v. *Com.,* 22 Week. Notes Cas. 340, 15 Atl. 456; *Gillespie* v. *Gaston,* 67 Tex. 599 (4 S. W. 248); *Cheshire County Tel. Co.* v. *State,* 63 N. H. 167; *Board of Com'rs of Rice Co.* v. *Bank,* 23 Minn. 280.    Many of the above cases expressly hold that such double taxation is prohibited by statutes and constitutions requiring uniformity.    See, also, *Lenawee Co. Sav. Bank* v. *City of Adrian,* 66 Mich. 273 (33 N. W. 304).

It is never to be presumed that a legislature intended a double tax if such conclusion can be reasonably avoided. *Pennsylvania Co. for Ins.* v. *Com.,* 22 Week. Notes Cas. 340, 15 Atl. 456; *Board of Revenue of Montgomery Co.* v. *Gaslight Co.,* 64 Ala. 269; *Salem Iron Factory Co.* v. *Inhabitants of Danvers,* 10 Mass. 514; *Tennessee* v. *Whitworth,* 117 U. S. 137 (6 Sup. Ct. 645); *Hannibal, etc., R. Co.* v. *Shacklett,* 30 Mo. 560; *State* v. *Railroad Co.,* 37 Mo. 265; *New York, etc., R. Co.* v. *Sabin,* 26 Pa. St. 245.

It follows that, when the assessors and board of review were advised of the assessment of all of the corporate property to the corporation, they should have removed the assessment against the shareholders.

We do not feel called upon to ignore the plain meaning of our Constitution by carrying the principles that the corporation and its shareholders are different persons, and the

corporate property and the shares different property, so far as to say that the taxing of both is not double taxation in the common acceptation of the term or in the sense of the Constitution.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.