*In re* St. Louis Loan and Investment Company of East St. Louis, Illinois.

*Opinion filed February 21, 1902.*

1. Loan associations—*act of 1901, exempting pledged stock from taxation, is unconstitutional.* The act of April 18, 1901, (Laws of 1901, p. 265,) providing that no stock of a loan association "while loaned upon by and pledged as security to the association issuing it, to an amount equal to the par value of such stock, shall be subject to assessment," is unconstitutional.

2. Same.—*subject matter of act of 1895 is within the title.* The subject matter of the act of 1895, "in relation to the assessment of the property of mutual building, loan and homestead associations," (Laws of 1895, p. 300,) and which purports to be an amendment of the Revenue law, is within the title of the act and is not unconstitutional in that respect.

3. Same—*method of taxing stock and real estate of associations, prescribed by act of 1895, not unconstitutional.* The method prescribed by the act of 1895 of assessing the shares of stock in mutual building and loan associations to the stockholders and the real estate to the association is not unconstitutional, since all the property of the association is thereby assessed; and where this method has been followed, the board of review has no power to also assess the notes and mortgages taken by the association for loans.

Appeal from the decision of the Board of Review of St. Clair county.

Messick, Moyers & Crow, for appellant.

H. J. Hamlin, Attorney General, for appellee.

Mr. Justice Ricks delivered the opinion of the court:

This is an appeal from the board of review of St. Clair county, prosecuted by appellant through the Auditor of Public Accounts, from the action of said board of review in assessing appellant with certain loans and mortgages for the tax year of 1901.

Appellant is a corporation organized under the laws of this State, under "An act to enable associations of persons to become a body corporate to raise funds to

194—39

be loaned only among the members of such association,"
commonly called a building and loan association. Appellant was cited before said board of review and required
to make a schedule of its personal property for taxation,
and further notified that unless such schedule was furnished by a day mentioned in said notice the said board
of review would make an assessment of its personal property. Appellant appeared before said board of review at
the time designated and filed its written objection and
protest against any assessment by the said board of review of the personal property of appellant, and set up
the following facts: First, that it was a corporation organized under the laws above mentioned, and doing business at East St. Louis, Illinois; second, that by virtue
of an act entitled "An act in relation to the assessment
of the property of mutual building, loan and homestead
Associations," approved and in force April 30, 1895, (Laws
of 1895, p. 300,) and an act amendatory thereof and entitled "An act to amend section 29*a* of an act entitled 'An
act for the assessment of property and for the levy and
collection of taxes,' approved March 30, 1872, in force
July 1, 1872, as added thereto by 'An act in relation to
the assessment of the property of mutual building, loan
and homestead associations,' approved and in force April
30, 1895," approved and in force April 18, 1901, (Laws of
1901, p. 265,) the said board of review had no power to
assess the property and assets of said appellant association, or any part, parcel or kind thereof, in any manner
than that laid down and defined in the acts above quoted.
Upon these objections a hearing was had, and the board
of review finding notes and mortgages of appellant to
the amount of $40,070, placed the same upon the assessment roll and assessed twenty per cent of the amount
thereof ($8014) upon which to extend the taxes. From
this action of the board of review appellant prayed its
appeal to the Auditor of Public Accounts, and by him
the same was certified to this court.

The act of 1895 above referred to purports to be an amendment to the Revenue law, and contains four sections, which are designated in the act as sections 29 *a*, 29*b*, 29*c* and 29*d* of said Revenue act. (Hurd's Stat. 1899, p. 1398.) The provisions are as follows:

"Sec. 29*a*. The stockholders of every mutual building, loan and homestead association for the purpose of building and improving homesteads and loaning money to the members thereof only, whether such association is organized under the laws of this State or of any other State or territory of the United States, shall list for taxation with the local assessor where such stockholders reside, the number of shares of stock of such association owned by them respectively, and the value thereof on the first day of May in each year, and the same shall be assessed against such stockholders, and the taxes thereon collected in the same manner as on other personal property.

"Sec. 29*b*. The shares of stock of all stockholders residing without this State of such associations shall be assessed by the local assessor where such associations are located, and, for the purpose of collecting the taxes thereon, a lien is hereby created upon such stock.

"Sec. 29*c*. In determining the value of such stock for the purpose of taxation, the value of the real estate owned by such associations shall be first deducted from their assets and such real estate shall be assessed in the manner now provided by law.

"Sec. 29*d*. The shares of stock and property of every such mutual building, loan and homestead association shall be assessed as herein provided and not otherwise."

The act of 1901 above cited is simply an amendment of section 29*a* of the act of 1895, *supra*, and only amends it in two respects: First, by changing the word "May" in that section to "April" as the time for fixing the value of property to be assessed, to correspond with the general Revenue law of the State, and by adding to said section the following: "*Provided*, that no stock of such associa-

tion while loaned upon by, and pledged as security to the association issuing it, to an amount equal to the par value of such stock, shall be subject to assessment."

Appellant contends that the above law defines the manner in which its property shall be listed for taxation, and by its clear and express terms the property assessed by the board of review in this case is exempt. Appellant further says: "The legislative power in reference to taxation has two phases: First, the subject matter of taxation; second, the manner of listing property for taxation. As to the first, the legislative power is hedged about by a constitutional provision prohibiting exemption from taxation of any property except that therein specified. As to the second phase, the legislature is limited only by the rule of equality of the burden of taxation. The legislature is left to its own devices as to the manner of assessing property for taxation, with that exception." Appellant insists that it was within the constitutional power to pass the statutes above quoted; that the act is broad and comprehensive, and that it provides fully for the assessment of all of the property of such association.

On behalf of the People the Attorney General urges, first, that the subject matter of the act is not within the title, and for that reason is void; second, that the act of 1895 is an attempt to exempt the property of such associations, other than real estate, from taxation, and as the property in controversy does not fall within any of the classes of property authorized to be exempted by section 3 of article 9 of the constitution, it is void; third, that the act of 1895 is void for the further reason that it attempts to enact a method of taxation for building and loan associations which does not require them to pay a tax in proportion to the value of their property, as required by section 1 of article 9 of the constitution.

In the view we entertain of this statute this case must be controlled by the provisions of the act of 1895, *supra*, for two reasons: First, because we regard so much of

the amendment to section 29a as is added by way of proviso invalid, because it is a clear attempt to exempt from taxation all that portion of the capital stock or shares of stock of such corporations upon which loans have been procured. By the amendment the original section 29a is re-enacted *verbatim*, the only change in it being the replacing of the month of May with that of April, which, in legal effect, had already taken place by the general law in reference to the time of assessment, passed in 1898. The proviso is clearly within the inhibition and controlled by the rule laid down in *People's Loan and Homestead Ass.* v. *Keith,* 153 Ill. 609. There is no repealing clause in the act of 1901, and we think the legal effect must be given to the original section. And for the further reason that the act of 1901 was not passed and did not become operative until April 18, and as property was required to be assessed as of April 1, (Laws of 1898, sec. 8, p. 40,) it is clear that said act could not affect or apply to the assessment in question and need not be further considered. It is true, the act is passed with an emergency clause; but neither the act itself nor the emergency clause attempts to make it retroactive or to apply to the assessment for the year 1901.

The first contention on the part of the People with reference to the act of 1895 is, that it is unconstitutional because the subject matter of the act is not within the title. This position we do not regard as tenable. It is not an independent act, nor is it an act that is amendatory of the building and loan law. It is an addition or amendment to the Revenue law, and by the first section of the act it is so declared, and its place, by the numbers of the sections, fixed and determined in the body of the Revenue law, and, taking the whole scope of the act, we think it fairly within the title.

The next contention on the part of the State is, that it is an attempt to exempt the property of the association, other than real estate, from taxation. In *People's*

*Loan and Homestead Ass.* v. *Keith, supra,* we said (p. 620): "While it may be conceded that the interest of a corporation in the corporate property and the interest of the stockholder in the corporation are separate interests, yet in reality they both represent one thing,—the money invested in the corporation by those who organized and created it. It would therefore be manifestly unjust to impose a tax on the corporation itself and at the same time impose a tax on the shares of stock. Such a course would, in effect, require money invested in a corporation to pay double taxation." In the same case and page we further said: "There is a well defined and broad distinction between the real subject matter of taxation and the mode or manner in which such taxation is to be levied. Section 1 of article 9 of the constitution provides that 'the General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property.' Here is a plain provision requiring the revenue to be raised by levying a tax on all property, in proportion to value. But this is followed by a further provision which allows the legislature to decide the manner in which property may be valued and the manner in which the tax may be levied. These are matters within the discretion of the legislature." We have said in that case that taxing the property of the association or corporation and taxing the shares of capital stock in the hands of the stockholder would be double taxation. If that be true, it must then follow that assessing the shares of the capital stock to the respective holders thereof and the real estate to the corporation, as is provided by this act, is the assessment of all its property. It is simply a reversal of the ordinary manner. Usually the corporation is assessed, and not the stockholder. But we have said the manner in which the property may be assessed is for the legislative determination. There is no constitutional prohi-

bition against assessing the stock, and the legislature having elected to do so instead of assessing the corporation, it would seem that it was within its power to do so, and that the effect of it would not be to exempt any portion of the property. If it would be double taxation to tax both the corporate property and the capital stock, it must be upon the theory, as declared by this court, that they both represent the same thing,—that is, the money invested in the corporation by those who organized and maintain it. If the capital stock represents the same thing as the corporate property, then the legislature has only exercised its lawful authority in selecting this peculiar method of reaching the same result, so far as the public is concerned, that would have been reached by assessing the corporate property.

If this position be correct, then it follows that the board of review was not authorized to assess the notes and mortgages taken for loans by appellant. Section 29c, *supra*, prescribes the method of determining the value of the stock for taxation, and directs that the value of the real estate owned by such association shall be deducted from the assets in fixing the value of the stock. Of course, the value of the stock is fixed by the assets of the association. Its assets consist chiefly in its loans and the securities taken for them. The value of the stock ordinarily is ascertained by taking into account the outstanding loans, the cash on hand, the real estate and the unpaid dues, fines and interest. The law in relation to building and loan associations requires that an annual report, at least, shall be made showing the value of the stock. This value is generally called its withdrawal value, and as these associations are not dealers in real estate and are not allowed to buy or hold real estate except that taken upon foreclosures for loans, the extent of real estate owned by them, ordinarily, is small. There is no greater difficulty in ascertaining the value of the shares of stock as held by the individual than there is

in determining the assets of the association which go to make up these values, and we can see no reason why the legislature may not select this method of assessment, and provide, as it has, that outside of the real estate the assessment of the capital stock shall be deemed to be the assessment of the property of the association. This can not be said to be an exemption of property from taxation or assessment, but simply the selection of one of two methods subjecting the assets of such association to the public burden. Such being our view, we hold that the board of review was not authorized to assess the notes and mortgages of appellant at the time and manner shown in this case, and such assessment is set aside and held for naught.

The objections of appellant are sustained.

*Assessment set aside.*