THE OLNEY LOAN AND BUILDING ASSOCIATION

*v.*

WILLIAM PARKER, County Collector.

*Opinion filed April 16, 1902.*

1. INJUNCTION—*equity may enjoin tax levied in violation of law.*    A court of equity has jurisdiction to enjoin the collection of a tax not authorized by law and wholly illegal and void.

2. TAXES—*act of 1895, for assessing stock in loan associations, is valid.*    The act of 1895, (Laws of 1895, p. 300,) which provides for assessing the stock of mutual building and loan associations to the stockholders and the real estate to the association, is valid, and an assessment of the property of such associations can be lawfully made only in accordance with its terms.    (*In re St. Louis Loan and Investment Co.* 194 Ill. 609, followed.)

APPEAL from the Circuit Court of Richland county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

JOHN LYNCH, Jr., for appellant.

Per CURIAM:    This was a bill by appellant to restrain the collection of a tax levied against it for the year 1900, alleged to have been made in violation of the act approved April 30, 1895.    It alleges that the local assessor

of the township of Olney, in said county, and the board of review, entered an assessment against the association on its personal property, capital stock and franchise, which was extended by the county clerk against it, amounting to $1227.40; that the tax so levied was not authorized by law but was wholly illegal and void. The defendant filed a demurrer to the bill, which was sustained, and an order entered by the trial judge dismissing the bill for want of equity at the complainant's costs. To reverse that order this appeal is prosecuted.

No briefs or arguments have been filed on behalf of the appellee.

There can be no question that a court of equity has jurisdiction to enjoin the collection of a tax levied in violation of law, as is here alleged. Of course, the demurrer admits the averments of the bill to be true. Under the act of 1895, which was in force when this tax for the year 1900 was levied, the local assessor should have listed for taxation against the stockholders of the association the number of shares of stock owned by each of them, respectively, and the value thereof, and assessed the same against such stockholder, to be collected in the same manner as other personal property. The act also provides: "The shares of stock and property of every such mutual building, loan and homestead association shall be assessed as herein provided, and not otherwise." (3 Starr & Cur.—2d ed.—chap. 120, p. 3414.) We recently held that this statute was valid, and that the assessment of property belonging to building and loan associations could only be lawfully made in pursuance of its provisions. (*In re St. Louis Loan and Investment Co. of East St. Louis*, 194 Ill. 609.) That case is decisive of this, and for the reasons stated in the opinion filed therein the decree of the circuit court of Richland county must be reversed.

*Reversed and remanded.*