<hr />

## STANLEY *v.* LITTLE PITTSBURG CON. MINING CO.

(*Supreme Court of Colorado, December Term, 1882---Error to Lake County District Court*).

TAXATION—OUTPUT OF MINES EXEMPT. Under the existing statutes of Colorado the net proceeds of the mines are not liable to taxation as such.

BECK, C. J. The principal question presented by this record is, whether, under the revenue laws of this State, a direct tax can be imposed upon the annual net proceeds of mines.

This question is fairly raised by the demurrer to the answer, and while the answer is defective in form, as decided by the Court below, it will only be necessary to consider the above question, since it must be decisive of the case.

Section 3, article 10, of the Constitution provides, that "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal; *provided,* that mines and mining claims bearing gold, silver and other precious metals, (except the net proceeds and surface improvements thereof,) shall be exempt from taxation for the period of ten years from the date of the adoption of this Constitution, and thereafter may be taxed as provided by law."

The authority of the Legislature, under the Constitution, to impose a tax upon the annual net proceeds of mines and mining claims bearing precious metals, and to make provision for the assessment and collection thereof, is not questioned. That

the Legislature has imposed such a tax is not only questioned but denied.

Counsel for the defendant in error insist that the Legislature has taken no action on the subject; that the constitutional provision is not self-enforcing, and that the attempt to impose such tax is therefore without authority of law.   This was likewise the view taken by the Judge who tried the cause below.

The only reference to the subject of taxing the net proceeds of mines made in any act of the Legislature since the adoption of the Constitution, which has become a law, appears in the act approved March 20, 1877, General Laws, p. 742.

Sec. 5 of this act provides as follows: "The following classes of property shall be exempt from taxation, to wit:   First, mines and mining claims bearing gold, silver and other precious metals, (except the net proceeds and surface improvements thereof,) for the period of ten years from the first day of July, A. D. 1876; second, ditches, canals and flumes," etc.

This section merely excepts the net proceeds of mines from the several classes of exemptions specified therein.   It reiterates the permissive language of the Constitution in respect to the taxation of such net proceeds, but contains no mandatory provision on the subject.   There is, therefore, no provision, constitutional or statutory, which in terms requires the levy of the tax complained of.

But it is contended in behalf of plaintiff in error that the provisions of section 4 of the revenue act are broad enough to include the net proceeds of mines, and that sections 4 and 5 authorize and require their taxation.

The former section provides that "all property, both real and personal, within the State, not expressly exempt by law, shall be subject to taxation."

Section 3 defines the term "personal property" to include everything which is the subject of ownership, not included in the term "real estate."

Conceding that all minerals upon being severed from the earth become personal property, also that money realized by the sale of minerals comes under the same designation, it is a grave question whether there is not still lacking the requisite

legislative authority to sustain the additional assessment in the case before us.

The complaint alleges that there was not, on the first day of May, 1880, any personal property of the mining company in Lake county, other than that returned by its superintendent to the assessor. If this allegation be true it satisfies the requirements of the revenue act; for section 9 provides, that "all personal property shall be listed in the county where it shall be on the first day of May of the then current year." There is a further provision that if such property is not returned to the assessor by the owner thereof, it shall be listed and assessed where it may be found at the time of the assessment. We do not understand it to be claimed that the property upon which was imposed the additional assessment of $1,500,000 was in Lake county, either on the first day of May or at the time of the assessment.

The principal defense set up in the answer to the complaint was, that the net proceeds of the mines for the year ending May 1, 1880, were more than $1,500,000, and that the mining company was liable to taxation in Lake county, for that year, on and because of such proceeds, in a sum greater than $1,500,000.

The statute does not require that either a corporation or an individual shall be liable to taxation for *all* the personal property owned by such individual or corporation at any time during the fiscal year, but only upon what was so owned on the first day of May. This is the rule.

The following are the exceptions thereto, viz: Insurance companies are required to be taxed upon the amount of premiums taken by them during the year previous to the listing; merchants are to be assessed upon the average value of merchandise owned during the year, and manufacturers upon the average value of property purchased or held for manufacturing during the year.

Unless a similar rule can be applied to the miners and mining corporations, so as to require them to return the annual net proceeds of their mines for taxation, but little revenue will be derived from this species of property.

As said by the Judge who decided this case below, "The

proceeds of a mine are accruing from day to day during the year. From time to time, if there be an excess after deducting expenses, that excess is paid over to the owners, or to stockholders, as dividends; the net proceeds, if the mine be fortunate enough to have any, are almost always disbursed and distributed as rapidly as they accrue, so that on the first day of May, or on any other given day, the net proceeds in a particular county would be but a small fraction of the aggregate net proceeds for the year previous." 2 Colorado Law Reporter, 86.

Are the Courts authorized by the present statute to enforce such a rule?

That it belongs to the legislative department to determine the persons and objects to be taxed, subject to constitutional limitations, and to provide the necessary mode and provisions for making the law effective, is a fundamental principle of law.

It is equally fundamental that great caution is to be exercised in construing a law imposing taxation, in order to arrive at the intention of the lawgiver, for it is the intention that is to be enforced. Cooley's Const. Lim., 514, 515; Cooley on Taxation, 198.

The inquiry, then, in the present case is not whether it be possible to tax the annual proceeds of mines in this State under existing laws, but whether it was the legislative intention in the passage thereof that they should be taxed.

Where the object is plain and the language unequivocal, effect must be given to the law by the Courts, but burdens are never to be imposed upon citizens upon vague or doubtful interpretations. It has been well said "that the Legislature is ever at hand to explain its own meaning, and to express more clearly what has been obscurely expressed." Cooley on Taxation, 201, 203.

Six years have elapsed since the passage of the revenue act under which the assessment complained of was made, and although there are many counties in the State wherein mining is the chief industry, yet it is believed that the present case, with a few others, all occurring in Lake county, and in the same year, furnish the only instances of attempts to apply the

provisions of the act to the annual net proceeds of mines. The fact that such proceeds were not being taxed, was, of course, known to the members of the several legislative assemblies that have convened since the enactment of the law in 1877, but until the session of the present year, no positive enactment has been made requiring them to be assessed for taxation, or providing a system for ascertaining the amount realized by individuals and corporations from such proceeds during the year. The act last mentioned having been vetoed by the Executive, for reasons assigned by him, has failed to become a law.

In view of the principles and facts stated, of the obscurity of the statute, coupled with the consideration that if the intent of the law be as contended for by the plaintiff in error, no system of procedure or machinery has been provided to render it effective, our conclusion is, that the annual amount of net proceeds of the mines are not liable, under the statute, to taxation as such.

We discover no error in the rulings of the Court below, and its judgment will be affirmed.        *Judgment affirmed.*

Mr. Justice Helm did not sit in this case.

*G. G. White* and *L. B. Wheat,* for plaintiff in error.

*C. S. Thomas, Clinton Reed, S. P. Rose* and *V. D. Markham,* for defendant in error.