No. 5784.

C. C. GILLESPIE, TAX COLLECTOR, *v.* GASTON & THOMAS.

1. SHARES OF BANK STOCK.—All the property, both real and personal, of a bank chartered under the laws of Texas is subject to taxation. To tax the shares of such a bank, which are but evidences of an interest in property already taxed, would be in effect to impose double taxation.
2. SAME.—The fact that the bank fails to render its property for taxation will not authorize an assessor to list for taxation its shares of stock.

APPEAL from Dallas. Tried below before the Hon. George N. Aldridge.

*Stemmons & Field*, for appellant.

*H. G. Robertson*, for appellees.

STAYTON, ASSOCIATE JUSTICE. The appellees were the owners of shares of stock in a bank incorporated under the law of this State, and these, not having been rendered by their owners, were assessed. The tax collector was proceeding to collect the taxes so claimed, and the owners of the shares, after tendering all other taxes assessed against them, brought this suit to restrain him from collecting the taxes assessed on the shares of stock. The injunction was perpetuated, and this appeal is prosecuted from the final judgment through which this was done.

The tax was claimed for the year 1883. Article 4682, Revised Statutes, provides that "no person shall be required  *  *  *  to include in his statement, as a part of his personal property, which is required to be listed, any share or portion of the capital stock or property of any company or corporation which is required to list or return its capital and property for taxation."

Article 4684, Revised Statutes, required banks to list for taxation all property, both real and personal, owned by them, thus imposing a tax upon everything which gives value to shares of capital stock. Such taxation reaches everthing upon which, under the fundamental rules regulating taxation, taxes ought to be, or may be, imposed.

To tax the shares of a stockholder in a corporation when all the property which gives value to such shares is taxed against

the corporation, would be in effect double taxation of the same thing, for the certificate and ownership of shares but evidence and give to the shareholder the right to participate in the profits to be derived from the business to be conducted by the corporation so long as it continues in business, and to share in the proceeds of its property on dissolution.

If a bank fails to render for taxation any property which ought to be rendered, this does not authorize an assessor to list for taxation something which the law does not require to be listed. Instead of taxing the property of a bank it would doubtless be competent, under existing federal legislation, for the legislature, as it has done in the Act of March 13, 1885, to impose the tax on shares in any banking corporation, whether organized under a law of the general government or of the State.

In such case the actual value of the shares would depend on the value of everything that can be classed as property, real or personal, owned by the corporation, and that this may in part consist in assets not liable to taxation directly, is a matter of no importance.

The law, in force when the assessment before us was made, providing for the taxation of the property of banks incorporated under the law of the State, and not upon the shares of stock, the court below properly perpetuated the injunction, and its judgment will be affirmed.

*Affirmed.*

Opinion delivered April 8, 1887.