THE STATE, CARTER SMITH, PROSECUTOR, v. JOHN A. RAMSEY, COLLECTOR OF RARITAN TOWNSHIP, HUNTERDON COUNTY.

Shares of stock in foreign corporations, owned by citizens of this state, upon which taxes have been actually assessed and paid by the corporation within twelve months next before the day prescribed by law for commencing the assessment in this state, are exempt from taxation under the laws of this state.

On *certiorari.*

Argued at February Term, 1892, before Justices MAGIE and WERTS.

For the prosecutor, *Henry A. Fluck.*

For the defendant, *Richard S. Kuhl.*

The opinion of the court was delivered by

WERTS, J.    An assessment for taxes, for the year 1891, was levied by the assessor of Raritan township, Hunderdon county, upon shares of the capital stock of the Pennsylvania, the Lehigh Valley and the Philadelphia and Reading Railroad Companies, owned by the prosecutor.

This writ of *certiorari* is brought to restrain the defendant, as collector of the township, from collecting the tax so imposed.

By the agreed-on state of the case it appears that the prosecutor is a resident of Hunterdon county, this state; that the three companies named are all foreign corporations, organized under the laws of the State of Pennsylvania; that all of the three companies own property in Pennsylvania, and two of them in New Jersey also; that all of them had been assessed, and had paid all taxes assessed against their property in both states within twelve months next before the day prescribed by law for commencing the assessment.

It is, therefore, insisted that the stock assessed is exempt from taxation under the laws of this state.

By section 64 of the act concerning taxes (*Rev., p.* 1151), "*stocks* and other personal estate, owned by citizens of this state, situate and being *out* of this state, upon which taxes shall have been actually assessed and paid within twelve months next before the day prescribed by law for commencing the assessment," are exempt from taxation.

By the act for the taxation of railroad and canal property *within* this state (*Rev. Sup., p.* 1002, § 109), it is provided that in all cases where the real estate, tangible personal property

and franchise of any company are assessed and taxed under that act, the shares of stock and the bonds and certificates of indebtedness of such company shall not be taxed in the hands of the shareholders, bondholders or creditors, except as thereinafter provided, which provision was re-enacted in the amendatory act, approved March 27th, 1888. *Pamph. L., p.* 269, § 1.

In *Darcy* v. *Darcy*, 22 *Vroom* 140, which was a case of taxation of a mortgage held by a citizen of this state, upon lands in the State of Kansas, the court held the mortgage taxable here, notwithstanding a tax upon the land itself had been assessed and paid within the preceding twelve months in the State of Kansas. But in holding the mortgage subject to taxation the court remarked with reference to stocks of foreign corporations : " Our attention is again called to the condition of the law in respect to the taxation of stock in foreign corporations held by residents of this state. The cases are cited in which it is settled that a statute of this state exempting stocks in a corporation will exempt the property of the corporation, and a statute which exempts the property will exempt stock. *State* v. *Bentley*, 3 *Zab.* 532 ; *State* v. *Brannin*, *Id.* 484 ; *State, Longstreet, pros.,* v. *Jones,* 9 *Vroom* 83.

" It is said that the theory upon which these cases go, is that a taxation of the corporate property and of the stock of the corporation are identical. It is also said that it has been the policy and practice, since the enactment of the statute of 1863, now embodied in the revised act (*Rev., p.* 1151, § 64), to exempt from taxation the stock of foreign corporations held by resident taxpayers.

" The exemption of such stock from taxation has, so far as I am aware, not been expressly decided in this state, but, assuming that such stock is exempt, I do not perceive how that fact leads to the conclusion that mortgages upon foreign land are also exempt. In the first place, the exemption clause of the Tax act uses the words ' *stocks, situate* and being out of this state.' The word ' *mortgage* ' nowhere appears. Secondly, in the light of the several changes of the law upon this

subject, in the successive acts of 1857, 1862, 1863 and 1866, in which the word '*stocks*' appears, viewed in connection with the previous decision of our courts holding that stock in a foreign corporation held here was taxable, it may, with much reason, be concluded that all stocks of foreign corporations should be exempt, and that this exemption should apply to all certificates of stock in such corporations, whether the certificates were within or without this state; but there is no legislative history appertaining to mortgages similar to this. The character of stocks as property is dissimilar from that of mortgages. The sum total of the property of the stockholders, as has been pointed out in the cases already cited in this state, is the sum total of the property of the corporation. It is substantially the *indicium* of all the property of the corporation. It is not a mere security for a debt, which is the principal, but it is the thing itself. But apart from this dissimilarity between stocks and mortgages, the use of the word '*stocks*,' in addition to the words '*personal property*,' in the exemption clause of the statute, would seem to be an argument against including mortgages, which are unnamed within the exemption."

In view of the positive legislation, and the utterances of the courts upon the subject, we are of opinion that the assessment against the prosecutor for this stock was unlawful and should be set aside, with costs.