THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDISON ELECTRIC LIGHT COMPANY, Appellant, v. EDWARD WEMPLE, Comptroller of the State of New York, Respondent.

1. CORPORATION TAX — EMPLOYMENT OF CAPITAL — PATENTS. Stocks of local corporations organized and situated without this State, acquired by a domestic corporation in return for licenses to use patents in which its capital is invested, should not be included in the computation of the domestic corporation's annual tax under the provisions of law (Chap. 542, Laws of 1880, as amended by chap. 151, Laws of 1882, and chap. 501, Laws of 1885) for the taxation of "capital stock employed within this state."

2. CORPORATION TAX — EMPLOYMENT OF CAPITAL — PATENTS — CORRECTION OF TAX ACCOUNT. Upon certiorari to review the action of the state comptroller in imposing upon the relator, a domestic corporation

whose entire capital was originally invested in patent rights, the taxes for the years 1889 and 1890 under the provisions of law for the taxation of " capital stock employed within this state " it appeared that the comptroller had estimated the share value of the relator's capital stock as based upon its general ownership of properties and assets, irrespective of their character and situs, and that there were included among such assets shares of stock in local corporations organized and situated without this state, which had been acquired by the relator in return for grants of rights to such local corporations to use its patents.   *Held*, on appeal from a confirmation by the Supreme Court of the action of the comptroller, that so much of the corporate investment of the relator's capital as consisted in stocks of the local corporations situated without the state was not capital employed within this state, and, therefore, was not subject to the tax; and that the tax account should be remitted to the Supreme Court for correction and re-statement there accordingly.

*People ex rel. E. El. L. Co.* v. *Campbell* (138 N. Y. 543), followed.
*People ex rel. E. El. L. Co.* v. *Wemple* (63 Hun, 444), reversed.

(Argued March 2, 1896; decided March 10, 1896.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made February 2, 1892, which confirmed on certiorari a determination of the state comptroller imposing certain taxes upon the relator for the years 1889 and 1890 under the Corporation Tax Act (Chapter 542, Laws of 1880, as amended by chapter 361, Laws of 1881; chapter 151, Laws of 1882; chapter 501, Laws of 1885, and chapter 463, Laws of 1889).

The relator is a domestic corporation whose entire capital was originally invested in patent rights.   Its business, during the years 1889 and 1890, consisted in licensing locally incorporated electric light companies under its letters patent throughout the United States and elsewhere, stock interests in such local companies being received from them by the relator in compensation.

Further facts, and the questions presented, are stated in the opinion.

*Eugene H. Lewis* for appellant.   The comptroller erred in refusing to revise or re-adjust his assessment of taxes.   (*People ex rel.* v. *Campbell*, 138 N. Y. 543.)   The comptroller's

accounts of relator's taxes for the years in question. should have been corrected and re-stated by the Supreme Court, and the order of that court confirming the determination of the comptroller should be reversed, and the accounts be remitted to that court for correction and re-statement in accordance with law.  (Laws of 1881, chap. 361, § 20.)

*T. E. Hancock, Attorney-General,* for respondent.  The comptroller did not determine or assess the capital employed in this state at too great an amount, or impose too large a tax. (*People ex rel.* v. *Campbell,* 138 N. Y. 543 ; *De Witt* v. *E. N. M. Co.,* 5 Hun, 301; *Hammond* v. *M. & H. O. Co.,* 92 U. S. 724.)  The rule that the comptroller must determine the amount of capital employed in this state and impose a tax accordingly applies alike to domestic and foreign corporations.  (*People ex rel.* v. *Wemple,* 138 N. Y. 582 ; *People ex rel.* v. *Wemple,* 131 N. Y. 64 ; *People ex rel.* v. *Wemple,* 133 N. Y. 323 ; *People ex rel.* v. *Coleman,* 126 N. Y. 433 ; *Williams* v. *W. U. T. Co.,* 93 N. Y. 162 ; *Bank Tax Case,* 2 Wall. 200.)

Gray, J.  We think, within the authority of the case of this same relator against Campbell, (138 N. Y. 543), that the order of the General Term, confirming the action of the comptroller, in imposing certain taxes upon the relator for the years 1889 and 1890, must be reversed.  In the former case, (decided in June, 1893), we held, because the comptroller had determined that the entire capital of the relator for the year 1891 was employed in this state, when it appeared that a portion of its capital was invested in the stocks of companies organized outside of this state, that the tax should be re-adjusted so far as he had included these stocks for the purposes of valuation.  The principle of our decision was that when the relator, in compensation for its grants of patent rights to local corporations, received stocks of such corporations, it was an employment of its capital in the purchase thereof and when such local corporations were situated outside of the state, then, to the extent that the relator held their certificates

of stock, its property was outside of the state and its capital could not be said to be employed here. Therefore, within the provisions of law for the taxation of "capital stock employed within this state," a tax based upon an estimate of its value, which took into consideration the relator's property in shares of corporations outside of the state, would be erroneous. The case, to which we have alluded, related to the tax for the year 1891 and was determined by the comptroller and by the General Term subsequently to the decision rendered by the latter in the present case; the affirmance there being expressly rested upon its decision in the case now on appeal. There may be a few differences with respect to the facts, as they were made to appear in the present case upon the proceeding for the revision and re-adjustment of the account. But it appeared that the relator was a holder of stocks in local companies situated within and without the state, for the two years in question. It also appeared that the comptroller made his determination, as to the amount of the relator's capital employed within this state during the two years and as to its value for purposes of taxation, upon the basis of a report by the commissioner, whom he employed for the purpose; which found that, notwithstanding the relator had received its compensation for licenses granted to local companies in stocks of companies situated within and without the state, the full amount of its capital stock was taxable. The comptroller, in arriving at the valuation of the capital stock for the purposes of taxation, regarded it as of no consequence, as affecting the amount of capital in use in this state, that a portion was employed in the acquisition of stocks in foreign companies in return for grants of rights to use its patents. He regarded the receipts of the company from such licenses as income. When declining to make any revision or re-adjustment of the taxes, he had before him the statement by the relator's officer that in 1889 there were owned of stocks of local companies within the state shares to the par value of $556,700, and without the state to the par value of $1,453,673 ; and for the year 1890, of shares within the state to the par value of $1,399,950,

and without the state to the par value of $1,757,531. The capital stock of relator amounted to $1,500,000, paid up in cash and in property necessary for its business. No dividends were declared and its receipts consisted in stocks received from local companies, which had been organized in various cities in the United States and to which rights to operate under the relator's patents had been granted. Of its capital of $1,500,000, shares, to the amount in par value of $400,400, were issued for patents and the balance seems to have been expended for improvements and generally in the development and maintenance of the company's patent rights and corporate business. The comptroller taxed the relator upon the full amount of its capital stock and estimated the market value of the shares at $135 for the year 1889 and at $170 for the year 1890. It is, of course, impossible to say that, in so estimating and determining, he made any allowance for so much of the corporate investment of capital as consisted in stocks of the local companies situated without the state. In fact, the only inference is that he did not; but estimated the share value as based upon the relator's general ownership of properties and assets, irrespective of their character and situs. Hence, it is necessary that the accounts should be remitted for correction and re-statement, in accordance with the legal principles as established in our decisions; which, under the provisions of chapter 463 of the Laws of 1889, amending the original act of 1880 (Chap. 542), must be done by the Supreme Court.

The order appealed from should be reversed and the relator's account is remitted to the Supreme Court for the purposes stated, without costs to either party.

All concur.

Order reversed.