[No. 3906.]

THE AMERICAN REFRIGERATOR TRANSIT CO. v. ADAMS ET AL. AS STATE BOARD OF EQUALIZATION.

1. PLEADING—DEMURRER—FOREIGN CORPORATIONS.

A plea in bar to an action on the ground that plaintiffs are foreign corporations and have failed to comply with the requirements of the constitution and statutes to authorize them to do business in the state which fails to allege that plaintiffs are corporations having capital stock divided into shares is insufficient and subject to demurrer on that ground as it fails to bring them within the class of corporations designated in the statute.

2. TAXES AND TAXATION—RAILROAD CARS OWNED BY FOREIGN CORPORATION—AVERAGE NUMBER.

Railroad cars owned by foreign corporations and used and employed in this state are subject to taxation and where the number of such cars within the state is continually changing the state board of equalization has a right to base its assessment on an appraisement and valuation of the average number habitually used and employed.

3. SAME—STATUTORY CONSTRUCTION—CONSTITUTIONAL LAW—RETRO-
SPECTIVE LAW.

The act of April 1, 1897, (Session Laws 1897 p. 259) providing a
mode of ascertaining the average number of cars in use in the state
belonging to individuals or corporations other than railroad companies
operating a line of railroad, is not retrospective as to taxes for the year
1897 as such cars were already subject to taxation and this act merely
provides a method of ascertaining the average number in use during ·
the year.
4. TAXES AND TAXATION—RAILROAD CARS OWNED OUTSIDE THE STATE
—UNIFORMITY—CONSTITUTIONAL LAW.

The act (Session Laws 1897 page 259) providing a method for as-
certaining the average number of cars in use in the state and owned
by individuals or corporations other than railroad companies operating
a line of railroad, is not in violation of the rule of uniformity of taxes
enjoined by section 3 article 10 of the constitution because it excepts
from its operation cars belonging to railroad companies operating a
line of railroad.
5. SAME.

The act (Session Laws 1897 page 259) is not in violation of the 14th
amendment of the constitution of the United States because it fails to
provide an opportunity for the owners of cars to be heard as such an
opportunity is afforded by the act of 1891 (Session Laws 1891 page 293).

*Error to the District Court of Arapahoe County.* ·

On May 9, 1898, The American Refrigerator Transit Com-
pany and twelve other foreign companies, as plaintiffs, filed
in the district court of Arapahoe county a complaint, asking
for the issuance of a writ of injunction, restraining the de-
fendants therein named as the state board of equalization
from assessing the cars of any of said thirteen foreign com-
panies under the act of 1897, entitled "An act to provide for
the assessment and taxation of railroad cars other than those
which are the property of railroad companies." Chap. 70,
Session laws 1897. The act requires the president or other
chief officer of every company or corporation other than a rail-
road company operating a line of railway, and every firm or
individual owning any cars, on or before March 15 in each

year, to make to the state board of equalization a statement, under oath, showing the aggregate number of miles made by their cars over the several lines of railway in this state during the year preceding ending on December 31; and a further statement showing the average number of miles traveled per day by the cars of a particular class or classes covered by the statement in the ordinary course of business during the year; and also req ᐧᐧres the president or other chief officer of every railroad company whose lines run through or into the state, on or before the same date, to furnish to the state board of equalization a similar statement, showing the total number of miles made by such cars over their lines in this state during the year preceding December 31; and showing separately the name of, and aggregate number of miles traveled over their lines in this state by, the cars of each such company or individual; and provides that the state board of equalzation shall ascertain from such statements, the number of cars required to make the total mileage of the cars of each company or individual within the year; and that the board shall ascertain and fix a valuation upon each particular class of such cars, and the number so ascertained to be required to make the total mileage of the cars of each company or individual shall be assessed to such companies or individuals respectively; and for the purpose of this assessment the board is authorized to base the same upon the returns of the several railway companies.

On June 7, 1898, the defendants filed their verified plea in bar, in which it was alleged that all said companies were foreign corporations, regularly, continuously and permanently engaged in the transaction of business in this state; that no one of said companies had a known place of business or an authorized agent within this state, upon whom process may be served; and that no one of said companies had made the necessary filings in the office of the secretary of state, or recorder of deeds, or paid the fees required by law of foreign

corporations.

To this plea the plaintiffs filed a general demurrer, which the court below sustained, and carried the demurrer back, and sustained it, to the complaint, and ordered the complaint dismissed. To review this judgment of the district court, the plaintiffs prosecute this writ of error.

Mr. PERCY WERNER and Mr. C. M. KENDALL for plaintiffs in error.

Mr. D. M. CAMPBELL attorney general, Mr. CALVIN E. REED and Mr. DAN B. CAREY, assistants attorney general, for defendants in error.

Mr. JUSTICE GODDARD delivered the opinion of the court.

1.  The defendants in error devote their entire brief to a discussion of the alleged error of the trial court in sustaining the demurrer to their plea in bar; and insist that the plaintiffs in error, by failing to comply with the requirements of the constitution and statutes in regard to foreign corporations, and especially their failure to comply with the provisions of the act of April 13, 1897, (Session laws 1897, p. 157) which provides, *inter alia*, that a foreign corporation having capital stock divided into shares shall file its certificate or articles of incorporation, and pay to the secretary of state certain fees, as a condition precedent to the exercise of corporate power, or the doing of any business in the state, cannot maintain this action. We think the demurrer was properly sustained. The plea is insufficient in failing to allege that the plaintiffs in error are corporations having capital stock divided into shares, thus bringing them within the class of corporations designated in the statute; and, it also appearing, from the admitted allegations of the complaint, that the business the plea avers they are regularly,con-

tinuously and permanently transacting in the state, is the furnishing to such shippers as may order the same, their cars, to be used in the carrying on of interstate commerce, it is questionable whether it is within the province of the state legislature to exact conditions upon which they should carry on such business. *Crutcher v. Kentucky,* 141 U. S. 47.

2. The right of the board of equalization to assess the cars of the plaintiffs in error, when used and employed as they are in this state, was upheld by this court in the case of *Hall v. The American Refrigerator Transit Company,* 24 Colo. 291; and by the supreme court of the United States on error, in 174 U. S. 70. Mr. Justice Shiras, speaking for a majority of the latter court, after reviewing the authorities on the subject, said:

"It having been settled, as we have seen, that where a corporation of one state brings into another, to use and employ, a portion of its movable personal property, it is legitimate for the latter to impose upon such property, thus used and employed, its fair share of the burdens of taxation imposed upon similar property used in like way by its own citizens, we think that such a tax may be properly assessed and collected, in cases like the present, where the specific and individual items of property so used and employed were not continuously the same, but were constantly changing, according to the exigencies of the business, and that the tax may be fixed by an appraisement and valuation of the average amount of the property thus habitually used and employed.'

After the commencement of that case, and pending the review, the legislature passed the act referred to in the foregoing statement. The only question presented in this case that was not urged and settled adversely to plaintiffs in error in the Hall case, is whether this act infringes any provision of the constitution. It is claimed that it is retrospective in its operation, and violates the provisions of section 11, Art. 2, because it did not go into effect until April 1, 1897

and the board, acting under its provisions, received statements from the railroad companies operating in the state of the mileage made by the cars of plaintiffs in error for the entire year ending December 31, 1897, thereby including mileage made by such cars during January, February and March before the act took effect.

We do not think this objection tenable. The cars were subject to taxation under the constitution and statutes theretofore in existence; and the act in question merely provides a mode of ascertaining the average number of cars belonging to the respective companies, used in this state during the year, and which were liable to taxation for that year, under the then existing laws.

Furthermore, if the board was not authorized to resort to this mode to ascertain the average number of cars used during the months preceding the taking effect of the act, it was incumbent upon the plaintiffs to avail themselves of such objection in the manner provided in section 2, session laws 1891, p. 293; or at least, to offer to pay the taxes upon the average number of cars ascertained to have been employed during the remainder of the year, to entitle them to the relief sought.

3. The further objection that the act violates the rule of uniformity enjoined by section 3, Art. 10 of the constitution, in that it excepts from its operation cars belonging to railroad companies operating a line of railroad, is also untenable. As was said in *People v. Henderson*, 12 Colo. 369:

"The uniformity required is a uniformity of taxes, not a uniformity of procedure, or of rules or regulations to govern the levy thereof. To demand absolute uniformity in the latter regard would tend strongly to defeat the prior and supreme requirement. The constitution leaves this matter with the legislature, simply directing that the regulations shall be made by general law, and shall secure just valuations."

As before stated, the purpose of the act is to provide a mode or means of ascertaining the average number of cars belonging to plaintiffs in error employed in the state during the year. The particular manner in which their cars are employed, gives rise to the necessity, and affords a sufficient reason for the adoption by the legislature of a distinct method for ascertaining such fact; the method provided being, in the judgment of that body, adequate, and it being competent for the legislature to adopt such method as it may deem proper for such purpose, unless such method is calculated to produce gross injustice in the assessment, the courts will not interfere. We can see no such objection to the method provided  The reason, no doubt, why the act excepts from its provisions cars belonging to railroad companies operating a line of railroad is because adequate procedure for the taxation of such cars has been otherwise provided.

4. It is also contended that the failure of the act to provide an opportunity to the owners of the cars to be heard before the assessment is made, renders the law obnoxious to the 14th amendment to the constitution of the U. S. While it is true that the act itself does not provide for such a hearing, yet we think that such an opportunity is afforded by the act of 1891, under the first section of which the cars in question are subjected to taxation. Section 2, *inter alia*, provides: "At the April meeting of the board in each year it shall be the duty of the board to afford an opportunity * * * *to any taxpayer* to appear before the board and submit to it any facts which may tend to inform the board or give it information, to the end that a fair and equitable assessment of such property may be made." Section 6 provides that the board "at its September meeting, shall also be authorized to make any necessary change, or to correct any error or mistake made by them in assessing the property required to be assessed by them by sec. one (1) of this act."

In the State R. R. Cases, 92 U. S., 575, 610, where the assessment of a board whose duty was similar to that of the board of equalization in this case, and whose assessment was challenged for want of notice and a hearing, Mr. Justice Miller, who delivered the opinion of the court, said: "This board has its time of sitting fixed by law. Its sessions are not secret. No obstruction exists to the appearance of anyone before it to assert a right, or redress a wrong; and, in the business of assessing taxes, this is all that can be reasonably asked."

It is therefore apparent that this objection is without foundation.

The further grounds relied upon by plaintiffs in error as exempting their cars from taxation in this state, were answered in the Hall case, and require no further notice. It follows from the views expressed that the court below properly dismissed the action, and its judgment is accordingly affirmed.

*Affirmed.*