[No. 4239.]

THE BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY v. THE FIDELITY SAVINGS ASSOCIATION.

**Taxes and Taxation—Savings Association—Credits—Debts.**

A savings association which deals only with its members and which issues stock to its members, which stock, with the earn-.

ings or profits thereon, is payable to the stockholders on demand, subject only to the right of the association to limit the aggregate amount of withdrawals for any month to one-half the amount received, is not a bank or company exercising banking powers or privileges within the meaning of section 3789, Mills' Ann. Stats., and the withdrawal value of the stock of the association held by its stockholders is a debt of the association which it is entitled to deduct from the amount of its credits in listing the same for taxation.

*Appeal from the District Court of Arapahoe County.*

Mr. C. E. HERRINGTON, Mr. HENRY C. VIDAL, Mr. GEORGE F. DUNKLEE and Mr. O. E. JACKSON, for appellant.

Mr. J. C. HELM and Mr. E. W. SMITH, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

This is an appeal from the judgment of the district court of Arapahoe County allowing certain claims of exemption by The Fidelity Savings Association. The officers of the association filed a schedule with the county assessor, which was changed by the assessor and the sum of about $385,000 was added for moneys, notes and credits. The sum of $385,000 is about one-half of the amount shown by the reports of the association as being the moneys, notes and credits owned by it. The association is a savings association organized under the laws of this state, and its claim is, that all of the money paid into the association by the stockholders is a debt of the association to the stockholders, and that all or any portion of the amount so due may be withdrawn by the stockholders at any time, upon compliance with the by-laws, and that it is entitled to have deducted from the amount of its moneys, notes and credits the aggregate amount due its members.

The statement of the resources and liabilities of the association on May 1, 1899, as appears from the record, is as follows:

RESOURCES.

Loans to members of this association se-
   cured by first liens on real estate, on
   the association shares and accounts
   and on municipal bonds and warrants
   as authorized by law...............$1,081,545.46
Real estate at cost..................     57,298.18
Furniture and fixtures...............      3,451.11
Taxes advanced .....................        533.53
Cash on hand and in banks...........     16,555.10

    Total.........................$1,159,383.38

LIABILITIES.

Due to members of the association on
   shares thereof, monthly payments,
   etc., paid in, including credited earn-
   ings ...........................   $723,742.02
Due to members on deposits and sundry
   other share accounts ...............    408,515.22
Contingent fund and undivided profits.     27,126.14

    Total.........................$1,159,383.38

Section 3789, Mills' Annotated Statutes, provides that, "In making up the amount of credits which any person is required to list for himself, or for any other person, company or corporation he shall be entitled to deduct from the gross amount of credits the amount of all *bona fide* debts owing by such person, company or corporation to any other person * * * Provided, that nothing in this section shall be so construed as to apply to any bank, company or corporation exercising banking powers or privileges."

The association admits that it should be required to pay taxes upon its real estate, its furniture and fixtures, and upon the amount of money it has on hand, and the aggregate amount of loans it has made to its members less the aggregate amount of money due to its members under its by-laws. On behalf of the county it is contended that the amount due from the association to its members should not be deducted because the liability is not of such a character as to be a debt in the sense used in the statutes, and for the further reason that it appears from the testimony that the said association is a corporation exercising banking powers or privileges, and under the proviso to the section quoted is not entitled to a deduction.

It appears from the testimony that this association deals only with its members; that there are various kinds of members and there are various plans by which one may become a member and entitled to the privileges and profits of members, but, as a general statement of the plan of the organization, it may be said that its purpose and object is to save money for its members, and that persons may, upon becoming members, deposit with the company sums of money at stated intervals, and withdraw such money at such times and under such conditions as the by-laws of the association provide. The by-laws provide for the issuance of stock to members and for receiving instalments upon the same until the full face value has been paid. All certificates of this character contain a statement of the withdrawal value at any time before as well as at the period of maturity. The by-laws also provide for the issuance of prepaid stock of the value of $100 a share upon the payment of $50 a share. This stock is fully paid, and is payable to the holder whenever the accumulated profits, with the amount paid, shall equal $100. A deposit stock is also provided for on which there is a guar-

anteed dividend in lieu of earnings. The amount paid upon this stock may be withdrawn at any time. The payments made on the stock, together with certain fees, dues and fines, constitute the capital of the association. Certain restrictions are placed upon the members as to the amount of aggregate withdrawals during each month. From this statement it will be seen that the association is liable to refund to its members the total amount paid upon the stock, plus its earnings, at any time demand may be made by the members, subject only to the right of the association to limit the aggregate amount withdrawn in any one month to one-half the amount received by the association during the same period.

Counsel have cited many cases holding that the liabilities of an insurance company upon its policies are not of such a character as will entitle the company to exemption from taxation on account thereof, and also cases where the courts have held that the right to surrender a policy of insurance and receive therefor a return of a portion of the premium paid is too remote in its nature to entitle the company to a deduction of the amount of such liability for the purposes of taxation.

Debt is defined by the supreme court of Massachusetts in the case of *Gray v. Bennett,* 3 Metcalf 526, as follows: "The word 'debt' is of large import, including not only debts of record, or judgments, and debts by specialty, but also obligations arising under simple contract, to a very wide extent; and in its popular sense includes all that is due to a man under any form of obligation or promise."

Accepting this as a correct definition of a debt, it is clear that the association is indebted to its stockholders to the amount paid in by the members, together with the amount earned by the stock and credited to the stock upon the books or stock of the asso-

ciation as profits or dividends. The liability is not a contingent one, because there is no contingency which will relieve the association of its liability. The time of payment to the members may be deferred by action of the board of directors, but the obligation is fixed and subsisting, and is such that the assessor can, with sufficient accuracy, determine its value for the purposes of taxation.

We are of opinion that the proviso to section 3789 of Mills' Annotated Statutes is not applicable to this association, because it does not appear from the testimony that the association is exercising banking privileges or powers. While the association receives from its members deposits on the stock of the members and authorizes the withdrawal of the amount so paid in, or any portion thereof, together with the accumulated profits upon the stock, we do not think the legislature had in contemplation this character of corporations when it enacted the proviso. This is made all the more apparent from the inspection of other sections of the statute of 1891, which authorized a deduction to be made in the case of bankers, brokers or stock jobbers; and it could not have been the intention of the legislature to authorize the deduction of the debts of banks and bankers, stock brokers and stock jobbers, and not permit a deduction of the *bona fide* debts of a savings association.

It is our judgment that this association is liable for taxation upon the value of its loans, real estate, furniture and fixtures, cash on hand and in banks; and that from the aggregate value of its credits should be deducted the amount due the members as the withdrawal value of the stock.

The holders of the stock of the association should pay taxes on the withdrawal value of the stock; and it seems to us that the owners and the value thereof can be easily ascertained.

For the reasons assigned, the judgment of the district court is affirmed.

*Affirmed.*